U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PREMIERE NETWORK SERVICES, INC., | § § § | Case No. 04-33402-HDH-11 |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION

Came before the Court for hearing, the Objection to Balloting ("Objection"), filed by Southwestern Bell Telephone, L.P. d/b/a SBC TEXAS ("SBC"). This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is core, pursuant to 28 U.S.C. § 157(b)(2)(A), (L) & (O).

At the hearing on confirmation of the Second Amended Plan of Reorganization ("Plan") proposed by Premiere Network Services ("Premiere") and UTEX Communications Corporation ("UTEX"), SBC objected to the balloting agent's tally of votes cast in favor of the plan on several grounds, one of which was the "insider" status of a law firm that served as the Debtor's pre-petition legal counsel on some regulatory matters before the Public Utilities Commission of Texas. The Court denied the objection as to all grounds except this issue, which it took under advisement. After consideration, the Court finds that the objection should be denied.

## I. BACKGROUND FACTS

Premiere and UTEX have submitted their Second Amended Plan of Reorganization ("Plan") and request that it be confirmed under the "cram down" provision of 11 U.S.C. § 1129(b). Premiere alleges that Class 7, an impaired class, has approved the Plan. At the hearing on confirmation of the Plan, SBC challenged the inclusion of certain members of Class 7. SBC asserts that some of the Class 7 members are insiders, and the remaining class is insufficient to confirm the Plan. One such challenge is to the inclusion of a claim for legal representation prior to the filing of Chapter 11 by Bickerstaff, Heath, & Smiley ("Bickerstaff"). If Bickerstaff's vote is not counted, the Plan fails to obtain the approval of an impaired class and cannot be confirmed. Bickerstaff, Heath, & Smiley is not Premiere's counsel in the bankruptcy proceedings, but represented the Debtor before the instant case was filed. Premiere is represented in this bankruptcy by Campbell & Cobbe, PC.

## II. ISSUE

Does the existence of a pre-petition attorney client relationship with the debtor elevate the attorney/claimant to the status of an insider for voting purposes under a plan of reorganization?

## III. ANALYSIS

A creditor labeled as an "insider" is limited in its participation during certain phases of a bankruptcy. The relevance of "insider" is most important under sections 303, 547, and 1129 of Title 11. These are, respectively, the sections covering involuntary bankruptcy, preferences, and confirmation. Relevant here, section 1129(a)(1) states that the court shall confirm a plan only if at least one class of claims that is impaired under the

plan has accepted the plan, determined without including any acceptance of the plan by any insider. 11 U.S.C. § 1129(a)(1). Various courts have approached the issue of whether a party is an insider under the three Code sections referred to above in a similar manner, making no distinction between "insider" as it applies to involuntary bankruptcy, preferences and voting.

If the debtor is a corporation, as in the case before the Court, the Code describes "insider" to include "director of the debtor; officer of the debtor; person in control of the debtor; partnership in which the debtor is a general partner; general partner of the debtor; or relative of general partner, director, officer, or person in control of the debtor." 11 U.S.C. § 101(31)(B).

Bickerstaff is obviously not a director, officer, person in control, partnership, or general partner of the Debtor, nor a relative of such. However, the inquiry does not stop with just the words of the statute, "in this title 'includes' and 'including' are not limiting." 11 U.S.C. § 102(3). The list provided in subsection 101(31)(B) is intended to be illustrative rather than exclusive. The expansive definition is further demonstrated by legislative history. An insider is one who has "a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms length with the debtor." *Missionary Baptist Foundation of America, Inc. v. Huffman*, 712 F.2d 206, 210 (5th Cir. 1983) (citing S.Rep. No. 95-989, 95th Cong. 2d Sess.). Thus, the term "insider" is viewed to encompass two classes: (1) per se insiders as listed in the Code and (2) extra-statutory insiders that do not deal at arms length. The definition of insider "must be flexibly applied on a case-by-case basis." *Id.*

Courts look to the relationship to determine whether dealings are at arms length. Key factors to consider are the closeness of the relationship and whether the alleged insider has control over the debtor. *See Matter of Holloway*, 955 F.2d 1008, 1011 (5th Cir. 1992) (courts have focused on two factors "the closeness of the relationship between the transferee and the debtor; and whether the transactions between the transferee and the debtor were conducted at arms length"); *In re Friedman*, 126 B.R. 63, 70 (9th Cir. B.A.P. 1991) ("insider status may be based on a professional or business relationship with the debtor, in addition to the Code's per se classifications, where such relationship compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain advantage attributable simply to affinity rather than to the course of business dealings between the parties"); *In re Schuman*, 81 B.R.. 583, 586 (9th Cir. B.A.P. 1987) ("The tests developed by the courts in determining who is an insider focus on the closeness of the parties and the degree to which the transferee is able to exert control or influence over the debtor."); *Matter of Lemanski*, 56 B.R. 981, 983 (Bankr.W.D.Wis. 1986) (a transferee "is an insider if, as a matter of fact, he exercises such control or influence over the debtor as to render their transaction not arms-length").

By itself, control of the debtor is sufficient to establish one as a per se insider under the definition provided in the Bankruptcy Code. 11 U.S.C. § 101(31)(B)(iii); *In re Three Flint Hill Ltd. Partnership*, 213 BR 292, 299 (D.Md. 1997). The determination of an extra-statutory insider turns on whether the closeness of the relationship is so great that the advantage gained by the creditor is attributable to affinity rather than course of business dealings. See, *Three Flint Hill*, 213 BR at 300; *In re City of Columbia Falls, Mont., Special Imp. Dist. No. 2*, 143 BR 750, 764 (Bankr.D.Mont. 1992); *In re Harris*,

195 BR 577, 584 (Bankr.W.D.N.Y. 1995); *In re Emerson*, 235 BR 702, 707 (Bankr.D.N.H. 1999). A close relationship is not enough to prove an insider relationship unless it overcomes arms-length dealing.

"Attorneys are not automatically considered to be insiders under the Code." *Matter of Lemanski*, 56 BR 981, 983 (Bankr.W.D.Wis. 1986). Some closeness must exist to overcome the arms-length dealing between the parties in order for one to be an insider.

Here, there is no evidence of anything more than a history of arms-length dealing between Premiere and its pre-petition attorneys. The debtor corporation's President, who has appeared before this Court may times, is a sophisticated businessman who was aware of the transactions of Premiere. His testimony as to the law firm's vote was credible. There is nothing to suggest abuse or control by the attorneys, nor is there any reason to suspect any affinity beyond an arms-length professional relationship that was motivated by something other than the ordinary course of business. *Three Flint Hill*, 213 BR at 300-01 (quoting *In re Friedman*, 126 BR 63, 70 (9th Cir. B.A.P. 1991).) ("Insider status may be based on 'a professional or business relationship with the debtor,' where the conduct of the creditor or the debtor is 'attributable simply to affinity rather than to the course of business dealings between the parties.'"). Thus, although a relationship did exist between Premiere and its attorneys, the relationship did not rise to the level of closeness required for the firm to be considered an insider.

Courts that have looked at the specific issue of when a debtor's attorney is an insider have found that the case least subject to scrutiny is one where the attorney is not debtor's bankruptcy counsel. See, *In re Dunes Hotel Associates*, 194 BR 994 (Bankr.S.D.S.C. 1995) (Firm that participated in both the filing and conduct of the

bankruptcy case, and recognizing the importance, willingly allowed itself to be used as the means of providing the critical vote was an insider.); *Lemanski*, 56 BR at 983 (Attorney was not an insider so pre-petition mortgage assignment executed for payment of a preexisting debt could not be avoided by trustee.); *In re Grandfather Mountain Ltd. Partnership*, 207 BR 475, 485 (Bankr.M.D.N.C. 1996) (Attorney was not an insider where representation existed pre-petition even though duty of confidentiality remained.); *In re Rimell*, 111 BR 250 (Bankr.E.D.Mo. 1990) (Insider includes an attorney who is currently defending the client in an involuntary bankruptcy petition, but an attorney who represented the debtor in a prior, unrelated matter may not be excluded per se.). Based on the statute and the existing precedent, it is clear that Bickerstaff, Heath, & Smiley is not an insider for purposes of voting on the Plan.

### III. CONCLUSION

The existence of a pre-petition attorney-client relationship does not in and of itself elevate the law firm to the level of insider without some other control or closeness to overcome arms length dealing. Bickerstaff had neither control nor influence over the debtor to establish insider status. Accordingly, the ballot of Bickerstaff, Heath, & Smiley, shall be counted in Class 7 for the plan of confirmation purposes.

A separate order will be entered consistent with this decision.

Signed this 1st day of ~~June~~ July, 2005.

                                        **Honorable Harlin D. Hale**
                                        **United States Bankruptcy Judge**